ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | C.A. No. 05-146 |
| INTERMEC TECHNOLOGIES CORP., a Washington Corporation, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Symbol Technologies, Inc. ("Symbol"), for its Complaint against Defendant Intermec Technologies Corp. ("Intermec"), hereby alleges:

### JURISDICTION AND VENUE

1. This is an action for a declaratory judgment that Symbol has the legal right to terminate a certain agreement entitled OEM Agreement (the "Agreement") entered into by Symbol and Intermec as of August 28, 2003 and that Symbol has not breached the Agreement by so doing. This Court has subject matter jurisdiction under 28 U.S.C. § 2201 and 1332(a) in that Symbol and Intermec are citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. This Court has personal jurisdiction over Intermec in that, inter alia, Intermec is licensed to do business in Delaware, and has a registered agent for service of process in Delaware.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a), and the express provisions of the Agreement.

## THE PARTIES

4.   Plaintiff Symbol is incorporated under the laws of the state of Delaware, and has its principal place of business at One Symbol Plaza, Holtsville, NY 11742. Symbol is a recognized worldwide leader in enterprise mobility. Symbol's products include, inter alia, advanced data capture products, radio frequency identification technology, mobile computing platforms, and wireless infrastructure.

5.   On information and belief, Defendant Intermec is incorporated under the laws of the State of Washington, and has its principal place of business at 6001 36th Ave. West, Everett, WA 98203. Intermec promotes itself as a leader in global chain solutions and development, manufacture and integration of wired and wireless automated data collection (radio frequency identification) and mobile computing systems.

6.   Pursuant to the Agreement, Intermec, as Buyer, purchases from Symbol, as seller, certain Products, as defined in the Agreement. The Agreement provides that its Initial Term is January 1, 2004 through December 31, 2006, "unless terminated in accordance with the terms of" the Agreement.

7.   Paragraph 9.c of the Agreement provides, inter alia, that if Intermec "asserts a bona fide claim of patent infringement" against Symbol, Symbol may "terminate this Agreement upon thirty (30) days prior written notice."

## INTERMEC'S BREACH OF THE AGREEMENT

8.   On or about June 7, 2004, Intermec commenced an action in the Court against Matrics, Inc. ("Matrics") (the "Delaware Action") (C.A. 04-357-GMS).

9. In the Delaware Action, Intermec alleges that Matrics infringes four Intermec patents. Matrics has answered the complaint in the Delaware Action and asserted counterclaims for declaratory judgments of non-infringement and invalidity of Intermec's asserted patents.

10. In August, 2004, Symbol acquired Matrics. On October 29, 2004, Matrics ceased to exist as a separate entity and instead was merged into Symbol.

11. Symbol has given Intermec notice that Matrics has ceased to exist, and that the business formerly conducted by Matrics is now being conducted by Symbol. Thus, the Delaware Action is now a patent infringement suit by Intermec against Symbol. Symbol advised Intermec that it should discontinue the Delaware Action with respect to sales of allegedly infringing products after October 29, 2004, or Symbol would exercise its right to terminate the Agreement in accordance with Paragraph 9.c thereof.

12. Intermec has not discontinued the Delaware Action, and has advised Symbol that it does not intend to discontinue it as Symbol requested. Intermec is seeking patent infringement damages from Symbol in the Delaware Action. Intermec has also advised Symbol of its belief that Symbol does not have the right to terminate the Agreement in accordance with Paragraph 9.c thereof.

**COUNT ONE**

**(Declaratory Judgment)**

13. Symbol repeats and realleges each and every allegation contained in paragraphs 1 through 12 hereof, as if fully set forth herein.

14. An actual and justiciable controversy exists between Symbol and Intermec concerning, inter alia, the parties' respective rights under the Agreement.

15. Symbol has no adequate remedy at law and requires a remedy in the form of declaratory relief.

16. Symbol is entitled to a judgment against Intermec pursuant to 28 U.S.C. § 2201 declaring that Symbol was entitled to terminate the Agreement in accordance with paragraph 9.c thereof and that Symbol has not breached the Agreement by so doing.

WHEREFORE, Symbol prays for judgment and relief against Intermec:

A. Declaring that Symbol had the right to terminate the Agreement;

B. Declaring that Symbol has not breached the Agreement by terminating Intermec's rights thereunder; and

C. Granting Symbol such other and further relief as the Court may deem just and proper.

March 10, 2005

BOUCHARD MARGULES & FRIEDLANDER, P.A.

*Karen L. Pascale*

Andre G. Bouchard (I.D. No. 2504)
Karen L. Pascale (I.D. No. 2903)
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
*Attorneys for Plaintiff Symbol Technologies, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 637-5000