# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SYMBOL TECHNOLOGIES, INC.,  )
a Delaware corporation,  )
　  )
               Plaintiff,  )
　  )
  v.  )　Civil Action No. 05-146-GMS
　  )
INTERMEC TECHNOLOGIES CORP.,  )
a Washington corporation,  )
　  )
               Defendant.  )
_____ )

## PLAINTIFF SYMBOL TECHNOLOGIES, INC.'S
## REPLY TO INTERMEC'S COUNTERCLAIMS

Plaintiff-Counterclaim Defendant Symbol Technologies, Inc. ("Symbol"), hereby replies to the numbered paragraphs of the Answer and Counterclaims ("Counterclaims") of Defendant Intermec Technologies Corp. ("Intermec"), as follows:

18.　Admits, on information and belief, the allegations contained in paragraph 18 of the Counterclaims.

19.　Admits the allegations contained in paragraph 19 of the Counterclaims.

20.　In response to paragraph 20 of the Counterclaims, admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2201 and 1332(a) in that Symbol and Intermec are citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## BACKGROUND FACTS

21.    Denies each and every allegation contained in paragraph 21 of the Counterclaims, except admits that Symbol and Intermec entered into the OEM Agreement (the "Agreement"), and respectfully refers the Court to the Agreement for the terms thereof.

22.    In response to paragraph 22 of the Counterclaims, admits that on June 7, 2004, Intermec filed an action against Matrics, Inc. ("Matrics") purporting to assert causes of action for alleged patent infringement as set forth in the Complaint in that action (C.A. 04-357-GMS) (the "Delaware RFID Action"); that on July 13, 2004, Matrics filed an Answer and Counterclaims in the Delaware RFID Action; and that on January 21, 2005, Matrics filed an Amended Answer and Counterclaims in the Delaware RFID Action.    Symbol avers that, without opposition by Intermec, Symbol has been substituted as the Defendant-Counterclaimant in the Delaware RFID Action.

23.    In response to paragraph 23 of the Counterclaims, admits that the Agreement contains the language quoted therein, and respectfully refers the Court to the Agreement for the terms thereof.

24.    In response to paragraph 24 of the Counterclaims, admits that the Agreement contains the language quoted therein, and respectfully refers the Court to the Agreement for the terms thereof.

25.    Denies each and every allegation contained in paragraph 25 of the Counterclaims, except admits that Symbol sent Intermec a letter dated December 16, 2004, and respectfully refers the Court to that letter for the contents thereof.

26.    Denies each and every allegation contained in paragraph 26 of the Counterclaims, except admits that Intermec sent Symbol a letter dated December 20, 2004, and respectfully refers the Court to that letter for the contents thereof.

27.    Denies each and every allegation contained in paragraph 27 of the Counterclaims, except admits that Symbol sent Intermec a letter dated March 10, 2005 and that Symbol filed a Form 8-K dated March 10, 2005, and respectfully refers the Court to that letter and Form 8-K for the contents thereof.

28.    Denies each and every allegation contained in paragraph 28 of the Counterclaims, except admits that Symbol filed an action against Intermec on March 10, 2005 (C.A. 05-147-SLR) (the "Symbol Patent Action"), and respectfully refers the Court to the Complaint in that action for the contents thereof; and that Symbol issued a press release dated March 11, 2005, and respectfully refers the Court to that press release for the contents thereof.

## COUNT I

### (Declaratory Judgment)

29.    In response to paragraph 29 of the Counterclaims, Symbol repeats and realleges each and every allegation contained in paragraphs 1 through 11 hereof, as if fully set forth herein.

30.    Denies each and every allegation contained in paragraph 30 of the Counterclaims.

31.    Admits the allegations contained in paragraph 31 of the Counterclaims.

32.    Denies each and every allegation contained in paragraph 32 of the Counterclaims.

33.    Denies each and every allegation contained in paragraph 33 of the Counterclaims.

## COUNT II

### (Breach of Contract)

34.    In response to paragraph 34 of the Counterclaims, Symbol repeats and realleges each and every allegation contained in paragraphs 1 through 16 hereof, as if fully set forth herein.

35.    Denies each and every allegation contained in paragraph 35 of the Counterclaims.

36.    Denies each and every allegation contained in paragraph 36 of the Counterclaims.

37.    Denies each and every allegation contained in paragraph 37 of the Counterclaims.

38.    Denies each and every allegation contained in paragraph 38 of the Counterclaims.

## COUNT III

### (Breach of Contract)

39.    In response to paragraph 39 of the Counterclaims, Symbol repeats and realleges each and every allegation contained in paragraphs 1 through 21 hereof, as if fully set forth herein.

40.    Denies each and every allegation contained in paragraph 40 of the Counterclaims, except admits that Symbol and Intermec entered into the Agreement, and respectfully refers the Court to the Agreement for the terms thereof.

41.    Denies each and every allegation contained in paragraph 41 of the Counterclaims, except admits that Symbol filed the Symbol Patent Action, and respectfully refers the Court to the Complaint in that action for the contents thereof.

42.    Denies each and every allegation contained in paragraph 42 of the Counterclaims.

43.     Denies each and every allegation contained in paragraph 43 of the Counterclaims, except admits that Symbol and Intermec entered into the Agreement, and respectfully refers the Court to the Agreement for the terms thereof.

44.     Denies each and every allegation contained in paragraph 44 of the Counterclaims, except admits that Symbol sent Intermec a letter dated March 10, 2005 and that Symbol filed a Form 8-K dated March 10, 2005, and respectfully refers the Court to that letter and Form 8-K for the contents thereof.

45.     Denies each and every allegation contained in paragraph 45 of the Counterclaims.

46.     Denies each and every allegation contained in paragraph 46 of the Counterclaims.

47.     Denies each and every allegation contained in paragraph 47 of the Counterclaims.

48.     Denies each and every allegation contained in paragraph 48 of the Counterclaims.

## COUNT IV

### (Breach of Contract)

49.     In response to paragraph 49 of the Counterclaims, Symbol repeats and realleges each and every allegation contained in paragraphs 1 through 31 hereof, as if fully set forth herein.

50.     Denies each and every allegation contained in paragraph 50 of the Counterclaims, except admits that Symbol and Intermec entered into the Agreement, and respectfully refers the Court to the Agreement for the terms thereof.

51.     Denies each and every allegation contained in paragraph 51 of the Counterclaims.

52.     Denies each and every allegation contained in paragraph 52 of the Counterclaims.

53.     Denies each and every allegation contained in paragraph 53 of the Counterclaims.

54.     Denies each and every allegation contained in paragraph 54 of the Counterclaims.

55.    Denies each and every allegation contained in paragraph 55 of the Counterclaims.

56.    Denies each and every other allegation in the Counterclaims not heretofore expressly admitted.

## FIRST AFFIRMATIVE DEFENSE

57.    The Counterclaims fail to state a claim against Symbol upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

58.    The Counterclaims are barred, in whole or in part, because Intermec suffered no damages from the acts and conduct of which it complains.

## THIRD AFFIRMATIVE DEFENSE

59.    Intermec's second, third and fourth Counterclaims for breach of contract are barred by the doctrines of ratification and election of remedies.

60.    On June 7, 2004, Intermec commenced the Delaware RFID Action against Matrics. In that action, Intermec alleges that Matrics infringes four Intermec patents. Matrics has answered the Complaint in the Delaware RFID Action and has asserted counterclaims for declaratory judgment of non-infringement and invalidity of Intermec's asserted patents.

61.    In August 2004, Symbol acquired Matrics. On October 29, 2004, Matrics ceased to exist as a separate entity and instead was merged into Symbol (the "Effective Date").

62.    On December 16, 2004, Symbol gave formal notice to Intermec that Matrics ceased to exist and that the business formerly conducted by Matrics is now being conducted by Symbol. Symbol reminded Intermec that Paragraph 9.c of the Agreement provides in part that if Intermec "asserts a bona fide claim of patent infringement" against Symbol, Symbol would be

entitled to terminate the Agreement on thirty days notice to Intermec. Symbol asked Intermec to confirm that it "intends to discontinue" the Delaware RFID Action "insofar as it seeks relief for the period subsequent to the Effective Date." (*See* Letter from P. Lieb to R. Payne, dated December 16, 2004, attached hereto as Exhibit A).

63.    Intermec has not discontinued the Delaware RFID Action, and advised Symbol that it does not intend to discontinue it as Symbol requested. (*See* Letter from J. Harwell to P. Lieb, dated December 20, 2004, attached hereto as Exhibit B).

64.    Intermec is seeking patent infringement damages from Symbol in the Delaware RFID Action. Symbol gave Intermec formal notice that Intermec must discontinue the Delaware RFID Action with respect to sales of allegedly infringing products after Effective Date, or Symbol would exercise its right to terminate the Agreement in accordance with Paragraph 9.c thereof. (*See id.*; Letter from P. Lieb to R. Payne, dated March 10, 2005, attached hereto as Exhibit C). Intermec has refused to discontinue the Delaware RFID Action.

65.    On January 25, 2005, Matrics filed a motion in the Delaware RFID Action seeking, inter alia, to substitute Symbol as the party defendant.

66.    On March 15, 2005, Intermec withdrew its opposition to the motion, and consented to Symbol being substituted as the defendant in the Delaware RFID Action. Symbol filed an Amended Answer and Counterclaims therein on April 6, 2005. Symbol is now the sole defendant in the Delaware RFID Action.

67.    On March 10, 2005, Symbol commenced the Symbol Patent Action against Intermec. On March 23, 2005, Intermec filed an Answer and Counterclaims in the Symbol Patent Action in which Intermec purported to assert counterclaims against Symbol for alleged infringement of six Intermec patents, as set forth therein (the "Intermec Patent Action").

68.    Paragraph 18.k of the Agreement, entitled "Covenants", provides, inter alia:

> During the Term of the Agreement each Party [Symbol and Intermec] shall not sue (or bring counterclaims against) the other party for any claim of [patent] infringement . . . relating to any product except for (i) bar code readers to the extent that they use CCD sensor technology, and (ii) RFID Reader Products and RFID Tags except to the extent that they read bar codes. . . .

69.    The claims of the patents asserted in the Intermec Patent Action relate neither to "bar code readers to the extent they use CCD sensor technology" nor to "RFID Reader Products and RFID Tags except to the extent that they read bar codes," as set forth in Paragraph 18.k of the Agreement.

70.    Intermec's commencement of the Intermec Patent Action against Symbol constitutes ratification of Symbol's prior termination of the Agreement.

71.    Alternatively, if Symbol's termination were somehow not proper, Intermec's commencement of the Intermec Patent Action constitutes a breach of the Agreement under Paragraph 18.k, giving rise to an additional basis for Symbol to terminate the Agreement.

72.    On March 25, 2005, Symbol notified Intermec that, without waiving Symbol's position that its termination of the Agreement was proper, and that Symbol did not breach the Agreement by so doing, Intermec's commencement of the Intermec Patent Action itself constitutes a breach of the Agreement giving Symbol an additional basis on which to terminate the Agreement effective 30 days from March 25, 2005, unless Intermec withdraws the Intermec Patent Action before the expiration of said 30 days. (*See* Letter from P. Lieb to R. Payne, dated March 25, 2005, attached hereto as Exhibit D).

## FOURTH AFFIRMATIVE DEFENSE

73.    Intermec's Counterclaims are barred, in whole or in part, by the doctrines of estoppel, waiver, acquiescence, abandonment, unclean hands and/or other equitable principles.

WHEREFORE, Symbol prays for judgment and relief against Intermec:

    A.  Declaring that Symbol had the right to terminate the Agreement;

    B.  Declaring that Symbol has not breached the Agreement by terminating Intermec's rights thereunder;

    C.  Declaring that Intermec has ratified Symbol's termination of the Agreement;

    D.  Declaring that Intermec's institution of the Intermec Patent Action was a breach of the Agreement;

    E.  Dismissing Intermec's Breach of Contract claims, with prejudice;

    F.  Awarding Symbol its costs of suit, including reasonable attorneys' fees; and

    G.  Granting Symbol such other and further relief as the Court may deem just and proper.

                       BOUCHARD MARGULES & FRIEDLANDER, P.A.

April 12, 2005
                   /s/ Karen L. Pascale
                   Andre G. Bouchard (I.D. No. 2504)
                   Karen L. Pascale (I.D. No. 2903)
                    [kpascale@bmf-law.com]
                   222 Delaware Avenue, Suite 1400
                   Wilmington, Delaware 19801
                   (302) 573-3500

                   *Attorneys for Plaintiff and Counterclaim*
                   *Defendant Symbol Technologies, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

# EXHIBIT A



**Peter M. Lieb**
Senior Vice President,
General Counsel and Secretary

December 16, 2004

By Certified mail
Return Receipt Requested and Facsimile

Mr. Ronald D. Payne
Vice President, Contracts
Intermec Technologies Corporation
6001 36th Avenue West
Everett, WA 98203-1264

Re:    **Symbol Technologies, Inc. OEM Agreement with**
       **Intermec Technologies Corporation Dated August 28, 2003**

Dear Mr. Payne:

The purpose of this letter is to put Intermec Technologies Corporation ("Intermec") formally on notice of certain recent events of which it is no doubt already aware. As you know Symbol Technologies, Inc. ("Symbol") has acquired Matrics, Inc. ("Matrics"). Effective October 29, 2004 (the "Effective Date"), Matrics ceased to exist as a separate entity and instead was merged into Symbol.

As you are aware, Intermec is currently plaintiff in a case entitled Intermec IP Corporation v. Matrics, Inc., C.A. 04-357-GMS, pending in the United States District Court for the District of Delaware ("the Delaware Action"). As a result of the transactions referenced in the prior paragraph of this letter, the Delaware Action is now a suit by Intermec against Symbol. Paragraph 9.c of the Symbol Technologies, Inc. OEM Agreement with Intermec Technologies Corporation dated August 28, 2003 (the "OEM Agreement") provides, inter alia, that if Intermec "asserts a bona fide claim of patent infringement" against Symbol, Symbol may "terminate this [OEM] Agreement upon thirty (30) days prior written notice."

Please confirm in writing no later then the close of business Eastern Standard Time on December 20, 2004, that Intermec intends to discontinue the Delaware Action insofar as it seeks relief for the period subsequent to the Effective Date. I would appreciate hearing from you by fax at the number above. If I do not receive a communication by December 20, Symbol will proceed on the assumption that Intermec is unwilling to discontinue the Delaware Action and reserves all of its rights.

Sincerely,

Peter M. Lieb

cc: Intermec Law Department

# EXHIBIT B

**Corporate Offices**

**UNOVA**

UNOVA, Inc.
6001 36th Avenue West
Everett, WA 98203-1264
425.265.2403 tel
425.356.3574 fax
jharwell@unova.com

Janis L. Harwell
Senior Vice President
and General Counsel

<u>VIA FACSIMILE</u>
(631) 738-5980

December 20, 2004

Mr. Peter M. Lieb, Esq.
Senior Vice President, General Counsel & Secretary
Symbol Technologies, Inc.
One Symbol Plaza
Holtsville, NY 11742-1300

Re:    OEM Agreement Dated August 28, 2003 Between
       <u>Intermec Technologies Corp. and Symbol Technologies, Inc.</u>

Dear Peter:

After receiving your December 16 notification letter, we were advised that Symbol would extend the timetable described in that letter by at least 30 days. Since we have not received written confirmation of this extension, I am writing to advise you that Intermec does not plan to discontinue any portion of its Delaware patent infringement lawsuit against Matrics.

Please let us know Symbol's intentions so that both of our companies can manage public disclosure issues.

Sincerely,

*Janis L. Harwell*

Janis L. Harwell

# EXHIBIT C



**The Enterprise Mobility Company™**

Peter M. Lieb
Senior Vice President,
General Counsel and Secretary

March 10, 2005

By Certified mail
Return Receipt Requested and Facsimile

Mr. Ronald D. Payne
Vice President, Contracts
Intermec Technologies Corporation
6001 36th Avenue West
Everett, WA 98203-1264

      Re:   **Symbol Technologies, Inc. OEM Agreement with
           Intermec Technologies Corporation Dated August 28, 2003**

Dear Mr. Payne:

        As you know Symbol Technologies, Inc. ("Symbol") has acquired
Matrics, Inc. ("Matrics"). Effective October 29, 2004 (the "Effective Date"),
Matrics ceased to exist as a separate entity and instead was merged into
Symbol.

        As you are aware, Intermec is currently plaintiff in a case entitled
Intermec IP Corporation v. Matrics, Inc., C.A. 04-357-GMS, pending in the
United States District Court for the District of Delaware ("the Delaware
Action"). As a result of the transactions referenced in the prior paragraph of
this letter, the Delaware Action is now a suit by Intermec against Symbol.
Paragraph 9.c of the Symbol Technologies, Inc. OEM Agreement with Intermec
Technologies Corporation dated August 28, 2003 (the "OEM Agreement")
provides, inter alia, that if Intermec "asserts a bona fide claim of patent
infringement" against Symbol, Symbol may "terminate this [OEM] Agreement
upon thirty (30) days prior written notice."

Mr. Ronald D. Payne
March 10, 2005
Page 2


       Symbol has asked Intermec to discontinue the Delaware Action, but Intermec has refused.  Therefore, Symbol hereby gives Intermec notice that Symbol intends to terminate the OEM Agreement upon the expiration of thirty days from the date hereof.

                    Sincerely,

                    Peter M. Lieb

cc:  Janis Harwell, Esq.

# EXHIBIT D



**symbol**®
*The Enterprise Mobility Company™*

**Peter M. Lieb**
Senior Vice President,                                    March 25, 2005
General Counsel and Secretary

By Certified Mail
Return Receipt Requested and Facsimile

Mr. Ronald D. Payne
Vice President, Contracts
Intermec Technologies Corporation
6001 36th Avenue West
Everett, WA 98203-1264

Re:  **Symbol Technologies, Inc. OEM Agreement with**
     **Intermec Technologies Corporation Dated August 28, 2003**
     **("OEM Agreement")**

Dear Mr. Payne:

As you know, by letter dated March 10, 2005, Symbol Technologies, Inc. ("Symbol") gave Intermec Technologies Corporation ("Intermec") notice that Symbol was terminating the OEM Agreement pursuant to ¶ 9.c thereof effective 30 days from the date of Symbol's letter.

On March 23, 2005, Intermec instituted suit against Symbol for alleged infringement of 6 Intermec patents in the United States District Court for the District of Delaware (the "Delaware Infringement Action"). Intermec also filed its Answer and Counterclaims in the declaratory judgment action related to the OEM Agreement that Symbol had commenced against Intermec on March 10, 2005, (the "DJ Counterclaims").

In the DJ Counterclaims, Intermec asserts, *inter alia*, that Symbol did not have the right to terminate the OEM Agreement, and that Symbol's asserting patent infringement claims against Intermec was in any event a breach of ¶ 18.k of the OEM Agreement. Symbol, of course, completely disagrees with Intermec's allegations on those issues.

Without waiver of Symbol's position that it was entitled to terminate the OEM Agreement and did not breach the OEM Agreement, and with all of its rights reserved, Symbol hereby notifies Intermec that Intermec's institution of the

Delaware Infringement Action against Symbol constitutes a breach of the OEM Agreement giving rise to an additional basis for Symbol to terminate the OEM Agreement effective 30 days from the date hereof, unless Intermec withdraws the Delaware Infringement Action before the expiration of said 30 days.

Sincerely,

*Peter Lieb/dec*

Peter M. Lieb

cc: Janis Harwell, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2005, I caused to be electronically filed a true and correct copy of the notice of the foregoing *Plaintiff Symbol Technology, Inc.'s Reply to Intermec's Counterclaims* with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> MORRIS NICHOLS ARSHT & TUNNELL
> 1201 N. Market Street
> Wilmington, DE 19801
> [jblumenfeld@mnat.com]

I further certify that on April 12, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel, and that a copy was served on the following non-registered participants on the same date in the manner indicated:

> ### By E-mail
>
> Frederick A. Lorig, Esquire
> BRIGHT & LORIG, P.C.
> 633 West Fifth Street
> Suite 3330
> Los Angeles, CA 90071
> [florig@brightlorig.com]

> /s/ Karen L. Pascale
> _____
> BOUCHARD MARGULES & FRIEDLANDER, P.A.
> Andre G. Bouchard (#2504) [abouchard@bmf-law.com]
> Karen L. Pascale (#2903) [kpascale@bmf-law.com]
> 222 Delaware Avenue, Suite 1400
> Wilmington, DE 19801
> (302) 573-3500
> *Attorneys for Plaintiff, Counterclaim*
> *Defendant and Counterclaimant*
> *Symbol Technologies, Inc.*