## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYMBOL TECHNOLOGIES, INC.,<br>a Delaware corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>INTERMEC TECHNOLOGIES CORP.,<br>a Washington corporation,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-146-GMS<br>)<br>)<br>)<br>)<br>)<br>) |

## [CORRECTED VERSION]

## SYMBOL TECHNOLOGIES, INC.'S OPENING BRIEF
## IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS
## PURSUANT TO RULE 12(c)

BOUCHARD MARGULES & FRIEDLANDER, P.A.
Andre G. Bouchard (I.D. No. 2504)
  [abouchard@bmf-law.com]
Karen L. Pascale (I.D. No. 2903)
  [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500

*Attorneys for Plaintiff,*
*Symbol Technologies, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

May 17, 2005

**Table of Contents**

INTRODUCTION ..................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ....................................................1

SUMMARY OF ARGUMENT ...............................................................................1

STATEMENT OF FACTS .....................................................................................2

    A.    The Agreement ...........................................................................3

    B.    Intermec Asserts Claims of Patent Infringement Against
        Symbol...........................................................................................4

        1.    Intermec's Delaware RFID Action....................................4

        2.    Intermec's Refusal to Discontinue the Delaware RFID
              Action and Symbol's Termination of the Agreement.......................5

    C.    Intermec's Second Patent Action Against Symbol.......................6

ARGUMENT.......................................................................................................7

    A.    The Rule 12(c) Standard..............................................................7

    B.    Symbol Properly Terminated the Agreement Pursuant to
        Paragraph 9.c ...............................................................................8

    C.    Intermec Ratified Symbol's Termination by Commencing the
        Intermec Patent Action .................................................................9

    D.    Alternatively, the Intermec Patent Action Constitutes a Breach
        of the Agreement, Giving Rise to an Additional Basis for
        Symbol to Terminate the Agreement...........................................10

    E.    Intermec Itself Materially Breached the Agreement by
        Commencing the Intermec Patent Action and Therefore
        Cannot Seek Compensation for Symbol's Alleged Breach...........11

    F.    Because Intermec Has Elected to Institute the Intermec Patent
        Action, It Is Estopped from Seeking Breach of Contract
        Damages .....................................................................................12

CONCLUSION...................................................................................................14

i

## Table of Authorities

Federal Cases

*Mele v. Federal Reserve Bank of New York,*
　　359 F.3d 251 (3d Cir. 2004)...........................................................................8

*Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc.,*
　　998 F.2d 1192 (3d Cir. 1993).........................................................................8

*Pfizer Inc. v. Ranbaxy Laboratories Ltd.,*
　　321 F. Supp. 2d 612 (D.Del. 2004)............................................................. 7-8

State Cases

*DeMarie v. Neff,*
　　No. Civ. A. 2077-S, 2005 WL 89403 (Del. Ch. Jan. 12, 2005).......................10, 11, 13

*Fatovic v. Chrysler Corp.,*
　　No. Civ. A. 00C08299HLA, 2003 WL 21481012 (Del. Super. Ct.
　　Feb. 28, 2003) ...........................................................................................13

*Frank v. Wilson & Co.,*
　　32 A.2d 277 (Del. Ch. 1943)...................................................................... 9-10

*Genencor Int'l, Inc. v. Novo Nordisk,*
　　766 A.2d 8 (Del. 2000) ...............................................................................12

*Insituform Technologies, Inc. v. Insitu, Inc.,*
　　No. Civ. A. 17013, 1999 WL 240347 (Del. Ch. Apr. 19, 1999) ....................8

*Kronenberg v. Katz,*
　　C.A. No. 19964, 2004 WL 3246436 (Del. Ch. May 19, 2004) ............... 11-12

*Nevins v. Bryan,*
　　No. Civ. A. 19975-NC, 2005 WL 1089025 (Del. Ch. May 4, 2005) ...................... 9-10

*Rhone-Poulenc Basic Chemicals Co. v. American Motorists Ins. Co.,*
　　616 A.2d 1192 (Del. 1992) ...........................................................................8

*Scott v. City of Harrington,*
　　1986 WL 4494 (Del. Ch. Apr. 14, 1986)................................................. 12-13

*Stoltz Realty Co. v. Raphael,*
　　458 A.2d 21 (Del. 1983) .............................................................................12

*VLIW Technology, LLC v. Hewlett-Packard Co.,*
　　840 A.2d 606 (Del. 2003) ...........................................................................11

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(c), Plaintiff-Counterclaim Defendant Symbol Technologies, Inc. ("Symbol"), respectfully submits this Opening Brief in Support of its Motion for Judgment on the Pleadings seeking to dismiss, with prejudice, Defendant Intermec Technologies Corp.'s ("Intermec") counterclaims for a declaratory judgment that Symbol had no right to terminate the parties' OEM Agreement (the "Agreement") (Count I) and for breach of the Agreement (Counts II, III and IV), and for an order (i) declaring that Symbol had the right to terminate the Agreement; (ii) declaring that Symbol has not breached the Agreement by terminating Intermec's rights thereunder; (iii) declaring that Intermec has ratified Symbol's termination of the Agreement; and (iv) declaring that Intermec's institution of another patent action against Symbol (the "Intermec Patent Action") was a material breach of the Agreement giving rise to an additional basis for Symbol to terminate the Agreement.

## NATURE AND STAGE OF THE PROCEEDINGS

This is an action for a declaratory judgment that Symbol has the legal right to terminate the Agreement entered into by Symbol and Intermec as of August 28, 2003 and that Symbol has not breached the Agreement by so doing. (D.I. 1.) Intermec has counterclaimed against Symbol for a declaratory judgment that Symbol had no right to terminate the Agreement and for alleged breach of the Agreement. (D.I. 5.) Symbol has replied to Intermec's counterclaims. (D.I. 9.)

## SUMMARY OF ARGUMENT

1.    The Agreement permits either party to terminate it if the other asserts "a bona fide claim of patent infringement" against the other party, as set forth therein.

Symbol had the legal right to terminate the parties' Agreement following Intermec's refusal to discontinue a patent action against Symbol (C.A. 04-357-GMS) (the "Delaware RFID Action"), which constitutes "a bona fide claim of patent infringement" against Symbol in derogation of the express terms of the Agreement. Therefore, Symbol's termination of the Agreement was proper and not a breach of the Agreement.

2.      Intermec subsequently ratified Symbol's termination by commencing the Intermec Patent Action, which itself constituted a material breach of the Agreement warranting termination by Symbol, if it had not been already terminated by Symbol.

3.      Under either scenario, Intermec's request for a declaratory judgment that Symbol had no right to terminate the Agreement fails as a matter of law.

4.      Intermec's claim for breach of contract damages also fails. It is elementary that a prerequisite to a party's breach of contract claim is the party's demonstration of full performance under that contract. Here, by commencing the Intermec Patent Action in breach of the Agreement, Intermec has both ratified Symbol's termination, and disavowed the contract, the opposite of performance. Having renounced the Agreement, Intermec is legally barred from seeking breach of contract damages.

## STATEMENT OF FACTS[1]

The material facts warranting judgment on the pleadings in Symbol's favor are not in dispute. For the convenience of the Court, we recite those facts below.

---

[1]     The facts set forth herein, which form the basis for Symbol's motion, are contained within the four corners of the pleadings, and the documents attached thereto are explicitly referred to therein.

\\NY - 21107/0029 - 890704 v4

## A.    The Agreement

Symbol and Intermec entered into the Agreement as of August 2003. (D.I. 5, ¶ 21.) Pursuant to the Agreement, Intermec, as Buyer, purchased from Symbol, as Seller, certain Products, as defined in the Agreement. (D.I. 1, ¶ 6; D.I. 5, ¶ 21.)

The Agreement provides that its Initial Term is January 1, 2004 through December 31, 2006, "unless terminated in accordance with the terms of" the Agreement. (D.I. 1, ¶ 6; D.I. 5, ¶ 21.) The Agreement provides for, inter alia, two bases on which either Symbol or Intermec may terminate the other's rights under the Agreement. In one of those provisions, Paragraph 18.k, each party receives immunity from suit under the other's patents except in two circumstances described in detail infra pp. 6-7. Paragraph 18.k further provides that if a party sues the other for patent infringement not within the two permitted circumstances, such suit constitutes a breach of the Agreement entitling the other party to remedies for breach, including, without limitation, the right to terminate the breaching party's rights under the Agreement on thirty days' notice.

The second provision, Paragraph 9.c of the Agreement, is even broader. It permits termination thereof if a party merely asserts a "bona fide claim of patent infringement" against the other party.[2] The principal difference between the two provisions is that the bringing of a prohibited patent suit in violation of Paragraph 18.k

---

[2]      Specifically, Paragraph 9.c of the Agreement provides:

> Patent Assertion.  If either Party asserts a bona fide claim of patent infringement outside the scope of the covenant of Section 18.k against the other Party, then such other party may in addition to any other rights and remedies it may have at law or in equity terminate this Agreement upon thirty (30) days prior written notice.

(See D.I. 5, ¶ 23.)

\\NY - 21107/0029 - 890704 v4

entitles the other party to remedies for breach of contract as well as the right to terminate. The bringing of a suit or claim permitted by Paragraph 18.k, while not a breach of the Agreement, does permit the other party to terminate the Agreement under Paragraph 9.c. As will be shown below, Intermec's two patent lawsuits against Symbol permitted Symbol to terminate the Agreement under both provisions.

**B.    Intermec Asserts Claims of**
**Patent Infringement Against Symbol**

1.    Intermec's Delaware RFID Action

On June 7, 2004, Intermec filed the Delaware RFID Action against a company called Matrics, Inc. ("Matrics") alleging that Matrics infringes four Intermec patents. (D.I. 1, ¶¶ 8-9; D.I. 5, ¶ 22.)[3]

In August 2004, Symbol acquired Matrics, and, on October 29, 2004, Matrics ceased to exist as a separate entity and instead was merged into Symbol (the "Effective Date"). (D.I. 1, ¶ 10.)   Following the merger, on December 16, 2004, Symbol gave formal notice to Intermec that Matrics ceased to exist and that the business formerly conducted by Matrics is now being conducted by Symbol. (D.I. 9, Ex. A.)  Because of Paragraph 9.c of the Agreement, Symbol also asked Intermec to confirm that it "intends to discontinue" the Delaware RFID Action.  *Id.*   On December 20, 2004, Intermec advised Symbol that it does not intend to discontinue the Delaware RFID Action as Symbol requested. (D.I. 9, Ex. B.)

---

[3]    Matrics has answered the Complaint in the Delaware RFID Action and has asserted counterclaims for declaratory judgment of non-infringement and invalidity of Intermec's asserted patents. (D.I. 1, ¶ 9; D.I. 5, ¶ 22.)

4

2.    Intermec's Refusal to Discontinue the Delaware
      RFID Action and Symbol's Termination of the Agreement

On January 25, 2005, Matrics filed a motion in the Delaware RFID Action seeking, inter alia, to substitute Symbol as the party defendant. (D.I. 9, ¶ 65.) Although Intermec initially opposed the motion, on March 15, 2005, Intermec withdrew its opposition to the motion insofar as it sought to substitute Symbol for Matrics, and consented to Symbol being substituted as the defendant in the Delaware RFID Action. (D.I. 9, ¶ 66.) Symbol filed an Amended Answer and Counterclaims therein on April 6, 2005. (D.I. 9, ¶ 66.) On April 20, 2005, Intermec filed an Amended and Supplemental Complaint naming Symbol as the only defendant in the Delaware RFID Action. On April 25, 2005, this Court, which is also presiding over the Delaware RFID Action, issued an Order substituting Symbol for Matrics as the sole defendant in that action.

Because Symbol has acquired Matrics and is now the sole defendant in the Delaware RFID Action, Intermec is undoubtedly "assert[ing] a bona fide claim of patent infringement" against Symbol within the meaning of Paragraph 9.c of the Agreement.

After mediation between the parties failed to resolve their disputes, on March 10, 2005, Symbol gave Intermec formal notice that Intermec must discontinue the Delaware RFID Action with respect to sales of allegedly infringing products after the Effective Date, or Symbol would exercise its right to terminate the Agreement in accordance with Paragraph 9.c thereof. (D.I. 9, Ex. C.) Intermec has refused to discontinue the Delaware RFID Action.

5

C.    **Intermec's Second Patent Action Against Symbol**

Symbol filed a patent action against Intermec in this Court on March 10, 2005 (C.A. 05-147-SLR) (the "Symbol Patent Action") (D.I. 5, ¶ 28.), the same day on which Symbol filed the complaint herein for a Declaratory Judgment.

On March 23, 2005, Intermec filed its Answer and Counterclaims in the Symbol Patent Action (the "Intermec Patent Action"), in which Intermec asserted counterclaims against Symbol for alleged infringement of six Intermec patents, as set forth therein. (D.I. 9, ¶ 67.)

As noted above, Paragraph 18.k does permit either party to assert infringement claims without breaching the Agreement, but only in two circumstances, namely, where the suit relates to (i) "bar code readers to the extent that they use CCD sensor technology," or to (ii) "RFID Reader Products and RFID Tags except to the extent that they read bar codes."[4]  The claims of the patents asserted in the Intermec Patent Action

---

[4]      Specifically, Paragraph 18.k of the Agreement provides:

> Covenants. During the Term of the Agreement each Party shall not sue (or bring a counterclaim against) the other party for any claim of infringement (referring to any provisions of 35 USC 271 or comparable foreign provisions) of any patent, whether now or hereinafter in existence, against or relating to any product except for (i) bar code readers to the extent that they use CCD sensor technology, and (ii) RFID Reader Products and RFID Tags except to the extent that they read bar codes. In the event of a breach of this section, the non-breaching party shall have, without limitation of any other right or remedies it may have, the right to terminate this Purchase Agreement by giving the breaching party at least thirty days (30) written notice (which may be extended upon mutual agreement of the parties) of its intention to terminate; provided, however, that if the parties settle the patent infringement lawsuit that accounted for the breach of this Section during such thirty days (30) period, then this Agreement shall not be terminated on the date specified in such notice.

(*See* D.I. 5, ¶ 24) (emphasis added).

relate neither to "bar code readers to the extent they use CCD sensor technology" nor to "RFID Reader Products and RFID Tags except to the extent that they read bar codes." (D.I. 9, ¶ 69.)[5]  Therefore, the asserted claims are not the kind permitted by Paragraph 18.k.

Symbol believes that it had previously and properly terminated the Agreement pursuant to Paragraph 9.c.  Nevertheless, on March 25, 2005, Symbol notified Intermec that, without waiving Symbol's position that its termination of the Agreement was proper, Intermec's commencement of the Intermec Patent Action itself constitutes a breach of the Agreement giving Symbol an additional basis on which to terminate the Agreement effective 30 days from March 25, 2005, unless Intermec withdrew the Intermec Patent Action before the expiration of said 30 days.  (D.I. 9, Ex. D.)

Intermec refused to withdraw the Intermec Patent Action before the expiration of 30 days from March 25, 2005, and it remains pending in this Court.

## ARGUMENT

### AS A MATTER OF LAW, SYMBOL PROPERLY TERMINATED THE AGREEMENT AND IS NOT LIABLE FOR BREACH OF CONTRACT DAMAGES

#### A.    The Rule 12(c) Standard

"A motion under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Pfizer Inc. v. Ranbaxy Laboratories Ltd.*, 321 F. Supp. 2d 612, 614 (D.Del. 2004) (citations omitted).  Although "a court must accept as true the

---

[5]    The Delaware RFID Action is for alleged infringement of "RFID Reader products and RFID Tags" hence, it is not a breach of Paragraph 18.k of the Agreement for Intermec to assert such claims against Symbol. However, as discussed supra, the RFID Action is a bona fide claim of patent infringement permitting Symbol to terminate the Agreement under Paragraph 9.c.

7

factual allegations of the [claims] and draw all reasonable factual inferences in the light most favorable to the non-moving party," judgment on the pleadings is appropriate where it appears beyond doubt that the non-moving party "can prove no set of facts in support of [its] claims which would entitle [it] to relief." *Id.* at 614-15 (internal quotations and citations omitted).

On a Rule 12(c) motion, as on a Rule 12(b)(6) motion, the contents of the pleadings include any document "integral to or explicitly relied upon in the complaint." *Mele v. Federal Reserve Bank of New York*, 359 F.3d 251, 256 n.5 (3d Cir. 2004) (internal quotations and citations omitted). Additionally, a court may properly consider any indisputably authentic document attached to the movant's pleadings upon which a defense is based. *Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

**B.    Symbol Properly Terminated the Agreement Pursuant to Paragraph 9.c**

The Agreement is governed by Delaware law. "The proper construction of any contract . . . is purely a question of law." *Rhone-Poulenc Basic Chemicals Co. v. American Motorists Ins. Co.*, 616 A.2d 1192, 1195 (Del. 1992) (citations omitted). A court interprets a contract as it is written. *Insituform Technologies, Inc. v. Insitu, Inc.*, No. Civ. A. 17013, 1999 WL 240347, *8 (Del. Ch. Apr. 19, 1999) (unpublished opinion).[6]

Paragraph 9.c of the Agreement unambiguously provides, in part, that if Intermec "asserts a bona fide claim of patent infringement" against Symbol, Symbol is entitled to

---

[6]    *See* Appendix, Tab 1.    In accordance with the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware Rule 7.1.3(a)(7), all cited unreported opinions are included herein in the attached Appendix.

8

terminate the Agreement on thirty days' notice to Intermec. (*See* D.I. 5, ¶ 23.) The Delaware RFID Action unquestionably constitutes "a bona fide claim of patent infringement" against Symbol. Symbol is the sole defendant in the Delaware RFID Action, (D.I. 9, ¶ 66), and Intermec is seeking damages for alleged infringement of four Intermec patents (D.I. 1, ¶¶ 8-9; D.I. 5, ¶ 22).

Symbol notified Intermec on December 16, 2004 that, pursuant to Paragraph 9.c of the Agreement, Symbol would be entitled to terminate the Agreement on thirty days' notice to Intermec. (D.I. 9, Ex. A.) On December 20, 2004 Intermec categorically refused to discontinue the Delaware RFID Action. Symbol notified Intermec again on March 10, 2005, that Intermec must discontinue the Delaware RFID Action, or Symbol would exercise its right to terminate the Agreement in accordance with Paragraph 9.c thereof. (D.I. 9, Ex. C.)

Because Intermec has refused to discontinue the action, despite repeated requests to do so, Symbol had the right to terminate the Agreement, and properly did so pursuant to Paragraph 9.c thereof.

## C.   Intermec Ratified Symbol's Termination by Commencing the Intermec Patent Action

"'[R]atification may be implied from conduct, as well as expressed by words . . . .'" *Nevins v. Bryan*, No. Civ. A. 19975-NC, 2005 WL 1089025, *14 (Del. Ch. May 4, 2005)[7] (quoting *Frank v. Wilson & Co.*, 32 A.2d 277, 283 (Del. Ch. 1943)). "'Where the conduct of a complainant, subsequent to the transaction objected to, is such as reasonably

---

[7]      *See* Appendix, Tab 2.

to warrant the conclusion that [it] has accepted or adopted it, . . . ratification is implied through [the complainant's] acquiescence.'" *Id.*

By instituting the Intermec Patent Action, Intermec implicitly acknowledged that Symbol had terminated the Agreement, since the Intermec Patent Action would otherwise be a material breach under Paragraph 18.k of the Agreement. Therefore, Intermec's conduct undoubtedly ratified Symbol's termination and Intermec cannot now claim that the Agreement is still in effect nor seek damages on account of any allegedly improper termination by Symbol.

**D.     Alternatively, the Intermec Patent Action Constitutes a Breach of the Agreement, Giving Rise to an Additional Basis for Symbol to Terminate the Agreement**

It is hornbook law that a material breach of contract excuses performance under that contract. *DeMarie v. Neff*, No. Civ. A. 2077-S, 2005 WL 89403, *4 (Del. Ch. Jan. 12, 2005) (unpublished opinion).[8]

If the Agreement were still in effect despite Symbol's termination, Intermec's commencement of the Intermec Patent Action would itself constitute a material and total breach of the Agreement under Paragraph 18.k thereby excusing Symbol's performance under the contract. In addition, pursuant to the express language of Paragraph 18.k of the Agreement, the Intermec Patent Action gave Symbol an additional basis on which to terminate the Agreement. That "contingent" termination was effected on April 24, 2005, 30 days after Symbol's March 25, 2005 notice of termination to Intermec. (*See* D.I. 9, Ex. D.)

---

[8]     *See* Appendix, Tab 3.

Stated differently, if Symbol had improperly terminated as Intermec contends, Intermec had an obligation to perform and abide by its own obligations, if it desires to seek damages for breach of contract. If Symbol's termination was proper – as Symbol believes – it is self evident that Intermec cannot have a breach of contract claim under a properly terminated contract. Either way, Intermec's breach of contract claim must fail.

### E.     Intermec Itself Materially Breached the Agreement by Commencing the Intermec Patent Action and Therefore Cannot Seek Compensation for Symbol's Alleged Breach

Under Delaware law, a party seeking compensation for breach of contract must demonstrate (i) the existence of a contract, (ii) the breach of an obligation imposed by that contract, and (iii) resultant damage to the party claiming breach. *VLIW Technology, LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003). Here, even assuming arguendo that Symbol breached by terminating the Agreement, Intermec cannot prove its breach of contract claim as a matter of law.

"Substantial failure to live up to the material terms of a valid contract nullifies that contract." *DeMarie*, 2005 WL 89403, at *4. "A party may terminate or rescind a contract because of substantial nonperformance or breach by the other party." *Id.* (internal quotations and citations omitted). Far from performing under the Agreement, Intermec itself committed a material breach. There can be no question that this breach warranted Symbol's termination because Paragraph 18.k of the Agreement specifically provides that Symbol may terminate if Intermec brought a non-permitted patent suit against it.

Moreover, "a breach of contract claim under Delaware law requires a showing of compensable injury." *Kronenberg v. Katz*, C.A. No. 19964, 2004 WL 3246436, *28

\\NY - 21107/0029 - 890704 v4

(Del. Ch. May 19, 2004). Damages for breach of contract are to be set in an amount sufficient to return the party to the same position in which it would have been, absent the breach. *Genencor Int'l, Inc. v. Novo Nordisk*, 766 A.2d 8, 11 (Del. 2000).

Since Intermec itself materially breached the Agreement by instituting the Intermec Patent Action, Symbol was entitled to terminate the Agreement as a result of Intermec's breach. Therefore, Intermec has no proper claim for damages and its breach of contract claim fails as a matter of law.

**F.      Because Intermec Has Elected to Institute the Intermec Patent Action, It Is Estopped from Seeking Breach of Contract Damages**

"Under the doctrine of election of remedies, a party who has two or more inconsistent remedies available, and elects to pursue one of them to the exclusion of the others, may not later pursue other inconsistent remedies." *Scott v. City of Harrington*, 1986 WL 4494, *1 (Del. Ch. Apr. 14, 1986) (unpublished opinion)[9] (internal citations omitted). "The doctrine of election of remedies is based on 'any decisive act of a party, with knowledge of [its] rights and of the facts, indicating an intent to pursue one remedy rather than the other.'" *Stoltz Realty Co. v. Raphael*, 458 A.2d 21, 23 (Del. 1983) (broker could not maintain action seeking commission from vendors after previously electing to arbitrate right to commission with second broker which ended in an adverse decision – affirming vendors' motion for summary judgment) (quoting 28 C.J.S. *Election of Remedies* § 11, at 1077 (1941)). The commencement of an action which seeks one of the inconsistent remedies is itself a decisive act constituting an election. *Scott*, 1986 WL 4494, at *2 (plaintiff was foreclosed from pursuing injunction for continuing trespass

---

[9]      *See* Appendix, Tab 4.

after electing to pursue remedy of inverse condemnation, which assumes that property has already been permanently taken – denying motion to amend complaint).

A party who disaffirms a contract makes an election of remedies and may not later pursue other remedies against the non-rescinding party that are inconsistent with this choice. *Fatovic v. Chrysler Corp.*, No. Civ. A. 00C08299 HLA, 2003 WL 21481012, *3 (Del. Super. Ct. Feb. 28, 2003) (unpublished opinion)[10] (plaintiffs made "decisive act" by rescinding purchase contract for automobile and were, therefore, barred from pursuing claims based on their ownership of the automobile or their rights under the rescinded contract – granting defendants' motion for summary judgment); *see generally DeMarie*, 2005 WL 89403, at *5 ("[A] nonbreaching party may not, on the one hand, preserve or accept the benefits of a contract, while on the other hand, assert that [the] contract is void and unenforceable.").

Intermec asserted counterclaims seeking damages for breach of contract, claiming that Symbol's termination was not proper.   If Intermec believed that Symbol's termination was improper, its remedy was to treat the contract as still in effect and pursue remedies for breach.  But instead, Intermec elected – on the very same day – to commit a material breach of the contract by instituting the Intermec Patent Action, an act which the Agreement specifically states grants Symbol the unequivocal right to terminate the Agreement.

Simply put, the law does not permit Intermec to have it both ways – to seek the benefits of the Agreement while simultaneously breaching it.   Under controlling Delaware law, Intermec cannot pursue breach of contract damages, since that position is

---

[10]     *See* Appendix, Tab 5.

13

entirely inconsistent with – indeed, contradicts – Intermec's prior disaffirmance of the contract.

**CONCLUSION**

For all the foregoing reasons, Symbol respectfully requests entry of judgment dismissing Intermec's counterclaims with prejudice, and (i) declaring that Symbol had the right to terminate the Agreement; (ii) declaring that Symbol has not breached the Agreement by terminating Intermec's rights thereunder; (iii) declaring that Intermec has ratified Symbol's termination of the Agreement; and (iv) declaring that Intermec's institution of the Intermec Patent Action was a breach of the Agreement.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

May 17, 2005

  /s/ Karen L. Pascale
Andre G. Bouchard (I.D. No. 2504)
   [abouchard@bmf-law.com]
Karen L. Pascale (I.D. No. 2903)
   [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500

*Attorneys for Plaintiff,*
*Symbol Technologies, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

14

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, hereby certify that on May 19, 2005, I caused to be electronically filed a true and correct copy of the notice of the foregoing *[Corrected Version] Symbol Technologies, Inc.'s Opening Brief in Support of Its Motion for Judgment on the Pleadings Pursuant to Rule 12(c)* with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> MORRIS NICHOLS ARSHT & TUNNELL
> 1201 N. Market Street
> Wilmington, DE 19801
> [jblumenfeld@mnat.com]

I further certify that on May 19, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel, and that a copy was served on the following non-registered participants on the same date in the manner indicated:

> ### *By FedEx*
>
> Frederick A. Lorig, Esquire
> Bruce R. Zisser, Esquire
> BRIGHT & LORIG, P.C.
> 633 West Fifth Street
> Suite 3330
> Los Angeles, CA 90071
>
> Carson Veach, Esquire
> Leland W. Hutchinson, Jr., Esquire
> Jennifer Fitzgerald, Esquire
> FREEBORN & PETERS LLP
> 311 South Wacker Drive
> Suite 3000
> Chicago, IL 60606

> _/s/ Karen L. Pascale_
> BOUCHARD MARGULES & FRIEDLANDER, P.A.
> Andre G. Bouchard (#2504) [abouchard@bmf-law.com]
> Karen L. Pascale (#2903) [kpascale@bmf-law.com]
> 222 Delaware Avenue, Suite 1400
> Wilmington, DE 19801
> (302) 573-3500
>    *Attorneys for Plaintiff, Symbol Technologies, Inc.*