# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 575 7291
302 425 3012 Fax
jblumenfeld@mnat.com

June 13, 2005

**BY ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, DE  19801

Re:  Symbol v. Intermec; C.A. No. 05-146-GMS

Dear Judge Sleet:

I write on behalf of defendant Intermec Technologies Corp. with respect to Symbol's request for oral argument (D.I. 19) on its motion for judgment on the pleadings. (D.I. 11). Symbol has converted its motion to one for summary judgment by attaching to its reply brief six exhibits, and by challenging the truth of Intermec's allegations. Under Fed. R. Civ. P. 12(c), unless the Court excludes the material outside the pleadings, Intermec must be "given reasonable opportunity to present all material made pertinent . . ." If the Court is going to consider materials outside the pleadings on Symbol's motion, Intermec requests the opportunity to go outside the pleadings as Symbol has done. Symbol has also raised new issues in its reply brief -- such as whether the existence of Intermec IP as a separate corporation may be disregarded (D.I. 18 at 8-9), whether Intermec can "show that it suffered any injury" as a result of Symbol's breach (id. at 12), and whether Symbol's breach was material, thus excusing Intermec's performance (id. at 5). Intermec has had no opportunity to respond to those arguments.

Moreover, Symbol's reply brief has raised numerous factual issues (e.g., whether Intermec IP may be disregarded, whether Intermec had asserted a patent infringement claim against Symbol (as opposed to Matrics) prior to Symbol's breach of the OEM Agreement, whether Symbol sued Intermec for patent infringement before its purported termination of the OEM Agreement, and the extent to which Intermec has been damaged by Symbol's breach of that agreement), which require resolution. The resolution of the contract issues may assist with the two patent infringement actions that Symbol filed against Intermec in Delaware and Wisconsin -- actions of the type that Symbol itself characterized in its opening brief as "a material and total breach" of the agreement that "excuses performance" by the other party. (D.I. 14 at 10).

The Honorable Gregory M. Sleet
June 13, 2005
Page 2

      Under the circumstances, Intermec requests that the Court set an early scheduling conference so that this case can be put on track for prompt resolution. Intermec would also be pleased to address Symbol's motion at such a conference.

      Respectfully,

      Jack B. Blumenfeld (#1014)
      jblumenfeld@mnat.com

JBB/bls

cc:   Dr. Peter T. Dalleo, Clerk (By Hand)
      Karen L. Pascale, Esquire (By Hand)
      Eric J. Lobenfeld, Esquire (By Fax)
      Frederick A. Lorig, Esquire (By Fax)
      Carson Veach, Esquire (By Fax)

469577