**BOUCHARD MARGULES & FRIEDLANDER**
A PROFESSIONAL CORPORATION
SUITE 1400
222 DELAWARE AVENUE
WILMINGTON, DELAWARE 19801
(302) 573-3500
FAX (302) 573-3501

ANDRE G. BOUCHARD
JOEL FRIEDLANDER
DAVID J. MARGULES

JOANNE P. PINCKNEY
COUNSEL
KAREN L. PASCALE
JOHN M. SEAMAN
DOMINICK T. GATTUSO

June 14, 2005

<u>By Electronic Filing</u>

The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, DE 19801

   Re: *Symbol v. Intermec*, C.A. No. 05-146-GMS

Dear Judge Sleet:

  I write on behalf of plaintiff Symbol Technologies, Inc. ("Symbol") in response to the letter dated yesterday from counsel for defendant Intermec Technologies Corp. ("Intermec"). The letter is in the nature of an unauthorized sur-reply brief for which Intermec has neither sought, nor received, permission to file. It should be disregarded for that reason alone.

  Should the Court decide to consider the letter, we would note the following. First, Intermec complains that Symbol attached extrinsic material to its motion papers, thereby converting the motion from one for judgment on pleadings under Rule 12(c) to a motion for summary judgment under Rule 56. In fact, it was Intermec – not Symbol – that submitted extrinsic evidence to the Court in the first instance. Symbol's motion was based solely on the pleadings and documents referenced in the pleadings. Intermec's opposition attached e-mails and other communications between counsel, none of which was referenced in the pleadings. Symbol noted in its reply brief that Intermec had attached such material and that the Court was therefore free to consider Symbol's motion as one for summary judgment since Symbol attached extrinsic material after, but only after, Intermec had done so. Thus, Intermec's request for "the opportunity to go outside the pleadings" a second time is improper. Intermec already took it upon itself to submit such materials in opposition to Symbol's motion.

  With respect to Intermec's assertion that there are "numerous factual issues", Symbol repeats what is crystal clear from both parties' submissions -- there are no material facts in dispute on Symbol's motion. The conduct of the parties is clear, unequivocal and indisputable. All that remains is a determination by the Court as to the legal consequences of that conduct. For example, there can be no dispute that Intermec Technologies acts for its subsidiary Intermec IP Corp. Symbol's motion gave Intermec a perfect opportunity to submit a sworn declaration that this fact, which Intermec touts repeatedly and which is plain as day to

The Honorable Gregory M. Sleet
June 14, 2005
Page 2

everyone in the industry, is nevertheless not so. But Intermec was obviously unwilling to have a corporate officer swear to something that is patently false.

So what is this really all about? The fact is that there are now four patent suits pending between the parties (if the case before Chief Judge Robinson is considered two cases since each side is asserting patents against the other). Intermec would like to stretch everything out as long as possible except for the patent case pending before Your Honor. Intermec's letter and the statements therein are just an attempt by Intemec to try to gain an advantage that should not be allowed.

In light of the foregoing, Symbol requests that the Court schedule oral argument on its motion, and that the Court's consideration of the motion be based solely on the papers properly submitted by the parties on the motion.

If Your Honor has any questions concerning this matter, we are available at the Court's convenience.

Respectfully submitted,

Andre G. Bouchard
(Bar No. 2504)

cc: Dr. Peter T. Dalleo, Clerk
    Jack B. Blumenfeld, Esquire
    Frederick A. Lorig, Esquire
    Carson Veach, Esquire