IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> INTERMEC TECHNOLOGIES CORP., a Washington corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) Civil Action No. 05-146-GMS ) ) ) ) ) ) ) |

## JOINT STATUS REPORT

**1. Jurisdiction and Service**

The parties agree that this Court has jurisdiction over the subject matter of, and the parties to, this action.

**2. Substance of Action**

Plaintiff Symbol Technologies Inc. ("Symbol") seeks a declaratory judgment that it was entitled to terminate an OEM Agreement ("the Agreement") with defendant Intermec Technologies Corp. ("Intermec"), as a result of a patent infringement action filed by an Intermec subsidiary, Intermec IP Corp., against Matrics, Inc., a company which was thereafter acquired by and merged into Symbol.

Intermec has counterclaimed for a declaratory judgment that Symbol had no right to terminate the Agreement, and for alleged breaches of contract by Symbol, including by Symbol's filing of patent litigation against Intermec.

Symbol has moved for Judgment on the Pleadings.

3.  **Identification of Issues**

The issues to be resolved in this action would include: whether Symbol was entitled to terminate the Agreement, whether Intermec ratified Symbol's termination, whether Symbol has breached the Agreement and, if so, what damages, if any, Intermec has suffered as a result of the breach, and whether Intermec IP's continuing of the action against Matrics (C.A. No. 04-357-GMS) after Matrics merged into Symbol and Intermec's counterclaims against Symbol in C.A. No. 05-147-SLR violate covenants not to sue contained in the Agreement and bar Intermec from obtaining relief in this action.

4.  **Narrowing of Issues**

The parties expect that, as discovery proceeds and this case progresses, they may be able to narrow the issues by way of stipulation or dispositive motions.

5.  **Relief**

Symbol seeks a declaratory judgment and attorneys' fees. Intermec seeks a declaratory judgment, damages, injunctive relief, and attorneys' fees.

6.  **Amendment of Pleadings**

The parties respectfully suggest that the last day for filing motions to amend the pleadings be September 15, 2005. Intermec expects to move to amend its counterclaims, and has raised that with Symbol. Symbol believes any effort to amend Intermec's counterclaims should await the ruling on Symbol's motion for Judgment on the Pleadings.

7.  **Joinder of Parties**

The parties respectfully suggest that the last day for filing motions for joinder be September 30, 2005.

8.  **Discovery**

Discovery has not yet started. The parties have agreed that there should be no limit to the number of document requests or requests for admissions, only that the number be reasonable. The parties have also agreed that each side shall be limited to twenty-five interrogatories, including subparts. Intermec has requested that each party be permitted to take up to seven depositions of seven hours each; Symbol has requested that each party be given forty-nine hours to conduct depositions without restriction as to the number.

9.  **Estimated Trial Length**

The parties estimate that the trial of this case will take two or three days, and propose a December 2005 trial. Attached as Exhibit A is a proposed form of Scheduling Order.

10. **Jury Trial**

Intermec has demanded a jury trial.

11. **Settlement**

The parties have discussed settlement, but have not been able to resolve their differences.

12. **Other Matters**

On May 17, 2005, Symbol moved for Judgment on the Pleadings. Intermec has opposed that motion.

Because confidential information will have to be exchanged in this action, the parties agree that a protective order will be necessary. They are discussing a form of stipulation and protective order.

Intermec has recently prevailed on a motion to transfer to this Court from the Western District of Wisconsin a patent suit commenced by Symbol in that District (the "Wisconsin Case"). Symbol may move for reconsideration of the transfer decision. If that motion is denied, and if

Symbol's motion for Judgment on the Pleadings herein is denied, Symbol will seek consolidation of the Wisconsin Case with this case, and to preserve the mid-2006 trial date. Intermec believes addressing consolidation at this time is premature, but will respond if and when Symbol moves for consolidation.

Counsel for the parties have conferred about each of the above matters.

| BOUCHARD, MARGULES & FRIEDLANDER, P.A. | MORRIS, NICHOLS, ARSHT & TUNNELL |
|---|---|
| /s/ Karen L. Pascale<br>Andre G. Bouchard (#2504)<br>Karen L. Pascale (#2903)<br>222 Delaware Avenue<br>Suite 1400<br>Wilmington, Delaware 19801<br>(302) 573-3500<br>  *Attorneys for Plaintiff*<br>  *Symbol Technologies Inc.*<br><br>OF COUNSEL:<br><br>Eric J. Lobenfeld<br>Ira J. Schaefer<br>Shana J. Krupp<br>HOGAN & HARTSON<br>875 Third Avenue<br>New York, NY  10022<br>(212) 637-5000 | /s/ Maryellen Noreika<br>Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>Rodger D. Smith II (#3378)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19899<br>(302) 658-9200<br>  *Attorneys for Defendant*<br>  *Intermec Technologies Corp.*<br><br>OF COUNSEL:<br><br>Frederick A. Lorig<br>Bruce R. Zisser<br>BRIGHT & LORIG<br>633 West Fifth Street<br>Suite 3330<br>Los Angeles, CA  90071<br><br>Carson Veach<br>Leland W. Hutchinson, Jr.<br>Jennifer Fitzgerald<br>FREEBORN & PETERS LLP<br>311 South Wacker Drive, Suite 3000<br>Chicago, IL  60606<br>(312) 360-6000 |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYMBOL TECHNOLOGIES INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-146 (GMS) |
| | ) | |
| INTERMEC TECHNOLOGIES CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**SCHEDULING ORDER**

This ___ day of July, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on July 26, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration:

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures.** Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before August 5, 2005.

2. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before September 15, 2005.

3. **Discovery.** All discovery in this case shall be initiated so that it will be completed on or before October 14, 2005. [Symbol's position: Provided, however, that if the Court consolidates this Action with the case entitled Symbol Technologies, Inc. v. Intermec Technologies Corp., which was recently the subject of a successful motion by Intermec to

transfer to this District from the Western District of Wisconsin (the "Wisconsin Case"), discovery shall be initiated to be completed by March 31, 2006.]

        a.    Discovery Matters. Should counsel find they are unable to resolve a discovery matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the Court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

    4.    **Confidential Information and Papers Filed Under Seal.** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 3(a).**

5. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purposes of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

6. **Status/Settlement Conference.** On _____, the Court will hold a conference by telephone with counsel beginning at _____ __.m. to discuss the progress of efforts to settle this dispute. Plaintiff's counsel shall initiate the telephone call.

If no efforts have been made or those efforts have to date been unsuccessful, counsel shall be prepared to discuss the possibility of setting up a settlement conference with the Court with counsel and their clients.

7. **Case Dispositive Motions.** All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before October 28, 2005. [Symbol's position: Provided, however, that if the Court consolidates this case with the Wisconsin Case, such papers shall be filed on or before April 21, 2006.] Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval.

8. **Applications by Motion.** Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9.  **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

10. **Pretrial Conference.** On December ___, 2005, the Court will hold a Pretrial Conference in Chambers with counsel beginning at _____ ___.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. *Motions in limine*: No party shall file more than ten (10) motions *in limine*. Briefs (**opening, answering and reply**) on all motions *in limine* shall be filed by _____. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies the Scheduling Order on or before November ___, 2005. [Symbol's position: Provided, however, that if this case is consolidated with the Wisconsin Case, the Pretrial Conference shall be held on June ___, 2006, beginning at _____ ___.m. The joint proposed final pretrial order shall be filed on or before May ___, 2006.]

11. **Trial.** This matter is scheduled for a 3-day jury trial beginning at _____ ___.m. on December ___, 2005. [Symbol's position: Provided, however, that if this case is consolidated with the Wisconsin Case, the case is scheduled for a two week jury trial beginning at _____ ___.m. on June ___, 2006.]

4

5

          12.     **Scheduling.** The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

                                                                            _____
                                                                            UNITED STATES DISTRICT JUDGE

Case 1:05-cv-00146-GMS    Document 26    Filed 07/19/2005    Page 10 of 12

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, hereby certify that on July 19, 2005, I caused to be electronically filed a true and correct copy of the foregoing *Joint Status Report* with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

>   Jack B. Blumenfeld, Esquire
>   MORRIS NICHOLS ARSHT & TUNNELL
>   1201 N. Market Street
>   Wilmington, DE 19801
>   [jbbefiling@mnat.com]

I further certify that on July 19, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel, and that a copy was served on the following non-registered participants on the same date in the manner indicated:

### *By E-Mail*

>   Jack B. Blumenfeld, Esquire [jblumenfeld@mnat.com]
>   Maryellen Noreika, Esquire [mnoreika@mnat.com]
>   Rodger D. Smith II, Esquire [rsmith@mnat.com]
>   MORRIS NICHOLS ARSHT & TUNNELL
>   1201 N. Market Street
>   Wilmington, DE 19801
>
>   Frederick A. Lorig, Esquire [florig@brightlorig.com]
>   Bruce R. Zisser, Esquire [bzisser@brightlorig.com]
>   BRIGHT & LORIG, P.C.
>   633 West Fifth Street
>   Suite 3330
>   Los Angeles, CA 90071
>
>   Carson Veach, Esquire [cveach@freebornpeters.com]
>   Leland W. Hutchinson, Jr., Esq.
>   [lhutchinson@freebornpeters.com]
>   Jennifer Fitzgerald, Esquire [jfitzgerald@freebornpeters.com]
>   FREEBORN & PETERS LLP
>   311 South Wacker Drive
>   Suite 3000
>   Chicago, IL 60606

–2–

      */s/ Karen L. Pascale*
BOUCHARD MARGULES & FRIEDLANDER, P.A.
Andre G. Bouchard (#2504) [abouchard@bmf-law.com]
Karen L. Pascale (#2903) [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
   *Attorneys for Plaintiff, Symbol Technologies, Inc.*