IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERMEC TECHNOLOGIES CORP., a Washington corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-146-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUPPLEMENTAL DECLARATION OF ERIC J. LOBENFELD IN SUPPORT OF SYMBOL'S MOTION FOR JUDGMENT ON THE PLEADINGS

I, Eric J. Lobenfeld, declare as follows:

1. I am a member of the law firm Hogan & Hartson L.L.P., counsel for plaintiff Symbol Technologies, Inc. ("Symbol"), and am admitted pro hac vice in this matter. I submit this declaration to bring to the Court's attention new facts which arose subsequent to the briefing on Symbol's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) ("Symbol's Motion").

2. As the Court knows, Symbol's Motion is based on a provision in the Agreement between the parties, that permits either party to terminate the Agreement if the other "asserts a bona fide claim of patent infringement" against it. Symbol believes that Intermec's refusal to discontinue a patent infringement case against Symbol pending before this Court (the "RFID Action", C.A. No. 04-357-GMS) permitted Symbol to terminate the Agreement.

3. In opposition to Symbol's Motion, defendant Intermec Technologies, Inc.'s ("Intermec Technologies") has asserted that Symbol's motion should be denied on grounds that the Agreement between Symbol and Intermec at issue in this case somehow does not bind Intermec's subsidiary Intermec IP Corp. ("Intermec IP") which is the named plaintiff in the RFID Action.

4. As discussed in Symbol's Reply Brief in support of its motion (D.I. 18), the record is crystal clear that Intermec Technologies manipulates the assets of Intermec IP to suit its own business needs, and cannot credibly argue that Intermec IP should be treated as a separate company. See Symbol's Reply Brief at 1-3. Intermec Technologies' recent conduct towards Symbol confirms this beyond doubt.

5. On June 30, 2005 Intermec filed a complaint against Symbol in the United States International Trade Commission pursuant to 19 U.S.C. § 1337, asserting that certain Symbol products infringe patents owned by Intermec Technologies. The three asserted patents are United States Patent Nos. 5,410,141; 5,468,947; and, 6,375,344 (the "Intermec ITC Patents").

6. As the Court may know, to have standing to bring an ITC action, the complainant must allege that there is "domestic industry" for the technology at issue. In so doing the Complainant must show that, with respect to that technology, it has made:

"(A) significant investment in plant and equipment;
(B) significant employment of labor or capital; or
(C) substantial investment in its exploitation, including engineering, research and development, or licensing."

19 U.S.C. § 1337(3).

7. Because Intermec IP is a mere holding company for Intermec's intellectual property assets that does not actually operate a business, Intermec IP could not be a complainant in the

ITC since, inter alia, it could not demonstrate any of the required factors for a domestic industry set forth above.

8.  So what did Intermec Technologies do?  Just two months ago in May 2005, in anticipation of suing Symbol in the ITC, Intermec Technologies caused Intermec IP to transfer ownership of the Intermec ITC Patents from Intermec IP to Intermec Technologies (copies of the assignment documents, which are exhibits to Intermec Technologies' ITC Complaint are annexed as Exhibit A hereto.)  By so doing, Intermec Technologies was able to allege that it meets the domestic industry requirements to bring an ITC action, because Intermec Technologies does actually manufacture and sell products, while Intermec IP does not.  (Symbol does not concede that Intermec Technologies in fact meets the domestic industry requirements, but that is a subject for the ITC action and not for this action).

9.  This chicanery involving which Intermec company owns the patents had actually begun in 1999, when Intermec Technologies assigned the patents to Intermec IP.  But when Intermec Technologies wanted to sue Symbol in the ITC, Intermec Technologies again exercised its control over Intermec IP to have the patents assigned back to Intermec Technologies.

\\\NY - 21107/0018 - 904354 v1

- 4 -

10. As the foregoing confirms, Intermec Technologies controls Intermec IP and should not be permitted to evade the covenants of the Agreement by frivolous assertions that the RFID Action in which Intermec IP is the named plaintiff is somehow not a patent infringement claim asserted by Intermec against Symbol.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Eric J. Lobenfeld

Dated: July 21, 2005

# EXHIBIT A

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

May 27, 2005

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF A DOCUMENT RECORDED ON MAY 06, 2005

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

N. WILLIAMS
Certifying Officer

IMITC-001614

# PATENT ASSIGNMENT

Electronic Version v1.1
Stylesheet Version v1.1

| SUBMISSION TYPE: | NEW ASSIGNMENT |
| --- | --- |
| NATURE OF CONVEYANCE: | ASSIGNMENT |

### CONVEYING PARTY DATA

| Name | Execution Date |
| --- | --- |
| Intermec IP Corp. | 05/06/2005 |

### RECEIVING PARTY DATA

| | |
| --- | --- |
| Name: | Intermec Technologies Corporation |
| Street Address: | 6001 36th Avenue West |
| Internal Address: | MS-530 |
| City: | Everett |
| State/Country: | WASHINGTON |
| Postal Code: | 98203 |

### PROPERTY NUMBERS Total: 6

| Property Type | Number |
| --- | --- |
| Patent Number: | 5218188 |
| Patent Number: | 5322991 |
| Patent Number: | 5349497 |
| Patent Number: | 5410141 |
| Patent Number: | 5468947 |
| Patent Number: | 6375344 |

### CORRESPONDENCE DATA

Fax Number: (425)348-2608
Correspondence will be sent via US Mail when the fax attempt is unsuccessful.
Phone: 425-348-2764
Email: david.rish@intermec.com
Correspondent Name: L. David Rish
Address Line 1: 6001 36th Avenue West
Address Line 2: MS-530
Address Line 4: Everett, WASHINGTON 98203

500030303

PATENT
REEL: 015972 FRAME: 0887

CH $240.00  5218188

IMITC-001615

| NAME OF SUBMITTER: | L. David Rish |
|---|---|

Total Attachments: 3
source=Assignment 05.06.05 IIP - ITC#page1.tif
source=Assignment 05.06.05 IIP - ITC#page2.tif
source=Assignment 05.06.05 IIP - ITC#page3.tif



## ASSIGNMENT

WHEREAS, Intermec IP Corp., a corporation formed under Delaware law, having offices at 6001 36th Avenue West, Everett, WA 98203-1264 ("the Assignor"), wishes to assign specified Intermec IP Patent Properties (defined herein as only those listed on APPENDIX A, attached hereto and made a part hereof) to Intermec Technologies Corporation; and,

WHEREAS, Intermec Technologies Corporation, a corporation formed under Washington law, having offices at 6001 36th Avenue West, Everett, Washington 98203-1264 ("the Assignee"), wishes to receive said specified Intermec IP Patent Properties from Intermec IP Corp.; and,

WHEREAS, the Assignor desires to assign to the Assignee all its right, title and interest in said specified Intermec IP Patent Properties, together with any and all substitute, substitutions, divisional and continuation applications, and any and all Letters Patent of the United States and foreign countries which may be obtained, based thereon, including all extensions, reexaminations and reissues, post-opposition foreign counterpart patents and applications, and extensions thereof; and,

NOW, THERFORE, for valuable consideration, receipt of which is hereby acknowledged, the Assignor hereby sells, assigns and transfers to the Assignee, its successors and assigns, its entire right, title and interest in and to said Intermec IP Patent Properties, which include the patents set forth in the attached APPENDIX A, together with any and all substitute, divisional and continuation applications, and any and all Letters Patent of the United States and foreign countries which maybe obtained based thereon, and in any reissues, reexaminations or extensions of such Letters Patent, and further assigns to said Assignee the priority rights provided by the International Convention.

The Assignor further assigns to the Assignee the right to sue for past, present, and future infringement of any and all such listed Intermec IP Patent Properties.

The Assignor warrants itself to be the owner of the entire right, title and interest in said inventions or improvements and to have the right to make this assignment. Should any modification, change, or amendment of any right, title or interest set forth herein (which would constitute a change of ownership), come to light at a later date, which is not currently listed on APPENDIX A, such modification, change, or amendment of such right, title and interest shall vest NUN PRO TUNC in the Assignee in its newly discovered form as of the date of execution of this document.

For said consideration, the Assignor hereby agrees, upon the request and at the expense of said Assignee, its successors and assigns, to execute any and all divisional, continuation and substitute applications for said inventions or improvements, and any necessary oath, affidavit or declaration, and disclaimers or terminal disclaimers relating thereto, and any application for the reissue, reexamination or extension of any Letters Patent that may be granted upon said applications, and any and all applications and other documents for Letters Patent in foreign countries on said inventions or improvements, that said Assignee, its successors or assigns, may deem necessary or expedient. For the aforesaid considerations, the Assignor authorizes said Assignee to

1

PATENT
REEL: 015972 FRAME: 0889

IMITC-001617



apply for Letters Patent for said Inventions or Improvements in its own name in such countries where such procedure is proper. Upon the request of said Assignee, the Assignor, its successors and assigns, agree to cooperate to the best of its ability with said Assignee, its successors, and assigns, in any proceedings or transactions involving such applications or Letters Patent, including, but not limited to: the preparation and execution of preliminary statements, giving and producing evidence; and, performing any and all other acts necessary to obtain said Letters Patent, both United States and in foreign countries. The Assignor hereby vests all rights hereby conveyed in the Assignee, its successors and assigns, such that said Letters Patents transferred under this assignment will be held and enjoyed by the said Assignee, its successors and assigns, to the full end of the term for which said Letters Patent will be granted, as fully and entirely as the same would have been held and enjoyed by the Assignor if this Assignment has not been made. This includes assistance by employees and others under the control of Assignor that Assignee notifies Assignor would be of assistance to Assignee in any litigation or other ex parte and inter party proceedings related to the Intermec IP Patent Properties listed in Appendix A, and all subsequent rights and properties flowing there from.

Executed and effective this 6th day of May, 2005.

Intermec IP Corp.

By _____
Vice President

STATE OF WASHINGTON )
                    ) ss.
COUNTY OF SNOHOMISH )

I certify that I know or have satisfactory evidence that Steven J. Winter is the person who appeared before me, and said person acknowledged that he signed this instrument, on oath stated that he was authorized to execute the instrument and acknowledge it as the Vice President of Intermec IP Corp. to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated this 6th day of May, 2005.

Carol J. Richards
NOTARY PUBLIC
My appointment expires: 08/29/2008

2

PATENT
REEL: 015972 FRAME: 0890

IMITC-001618

## ATTACHMENT A

### Intermec IP Patent Properties

| | |
|---|---|
| 5218188 | Compact Hand-Held RF Data Terminal |
| 5322991 | Compact Hand-held RF Data Terminal |
| 5349497 | Detachable Handle Structures for Terminals |
| 5410141 | Hand-Held Data Capture System with Interchangeable Modules |
| 5468947 | Pocket Size Data Capture Unit With Processor and Shell Modules |
| 6375344 | Data Capture System with Communicating and Recharging Docking Apparatus and Hand-Held Data Terminal Means Cooperable Therewith |

RECORDED: 05/06/2005

PATENT
REEL: 015972 FRAME: 0891

IMITC-001619



IMITC-001620

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, hereby certify that on July 21, 2005, I caused to be electronically filed a true and correct copy of the foregoing ***Supplemental Declaration of Eric J. Lobenfeld in Support of Symbol's Motion for Judgment on the Pleadings*** with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> MORRIS NICHOLS ARSHT & TUNNELL
> 1201 N. Market Street
> Wilmington, DE 19801
> [jbbefiling@mnat.com]

I further certify that on July 21, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel, and that a copy was served on the following non-registered participants on the same date in the manner indicated:

### *By E-Mail*

> Jack B. Blumenfeld, Esquire [jblumenfeld@mnat.com]
> Maryellen Noreika, Esquire [mnoreika@mnat.com]
> Rodger D. Smith II, Esquire [rsmith@mnat.com]
> MORRIS NICHOLS ARSHT & TUNNELL
> 1201 N. Market Street
> Wilmington, DE 19801
>
> Frederick A. Lorig, Esquire [florig@brightlorig.com]
> Bruce R. Zisser, Esquire [bzisser@brightlorig.com]
> BRIGHT & LORIG, P.C.
> 633 West Fifth Street
> Suite 3330
> Los Angeles, CA 90071
>
> Carson Veach, Esquire [cveach@freebornpeters.com]
> Leland W. Hutchinson, Jr., Esq. [lhutchinson@freebornpeters.com]
> Jennifer Fitzgerald, Esquire [jfitzgerald@freebornpeters.com]
> FREEBORN & PETERS LLP
> 311 South Wacker Drive
> Suite 3000
> Chicago, IL 60606

–2–

      /s/ Karen L. Pascale
BOUCHARD MARGULES & FRIEDLANDER, P.A.
Andre G. Bouchard (#2504) [abouchard@bmf-law.com]
Karen L. Pascale (#2903) [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
  *Attorneys for Plaintiff, Symbol Technologies, Inc.*