IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-146-GMS |
| INTERMEC TECHNOLOGIES CORP., a Washington corporation, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**SYMBOL TECHNOLOGIES, INC.'S
INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff, Symbol Technologies, Inc. ("Symbol"), makes the following initial disclosures based on information reasonably available to Symbol at this time. Continuing investigation and discovery may alter these disclosures.

By making these disclosures, Symbol does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Nor does Symbol waive its right to object to production of any document or tangible thing disclosed on the basis of any privilege, the work product doctrine, relevancy, undue burden or any other valid objection. Rather, Symbol's disclosures represent a good faith effort to identify information it reasonably believes is discoverable and which may be used to support its claims as required by Rule 26(a)(1).

Finally, Symbol's disclosures are made without waiving, in any way: (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or

in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

All of the following disclosures are made subject to the above objections and qualifications.

### A.    Individuals Likely To Have Discoverable Information Supporting Symbol's Claims or Defenses

Pursuant to Rule 26(a)(1)(A), Symbol identifies the individuals listed below (other than present or former employees or agents of Intermec Technologies Corporation ("Intermec") or any predecessor in interest). Symbol does not give its consent for Intermec to directly contact any current or former employee of Symbol listed below.

1.  Aaron Bernstein, Esq.
    Symbol Technologies, Inc.
    One Symbol Plaza
    Holtsville, NY  11742-1300

    Mr. Bernstein is likely to have discoverable information with respect to (1) Symbol's request that Intermec discontinue patent infringement actions against Symbol and Intermec's refusal to do so; and (2) termination of the OEM Agreement.

2.  Charles Furedy
    Symbol Technologies, Inc.
    One Symbol Plaza
    Holtsville, NY  11742-1300

    Mr. Furedy is likely to have discoverable information with respect to the negotiation of the OEM Agreement.

3.  Peter Lieb, Esq.
    Symbol Technologies, Inc.
    One Symbol Plaza
    Holtsville, NY 11742-1300

    Mr. Lieb is likely to have discoverable information with respect to communications with Intermec regarding (1) Symbol's request that Intermec discontinue patent infringement actions against Symbol and Intermec's refusal to do so; and (2) termination of the OEM Agreement.

4.  Brian Bukowski
    Symbol Technologies, Inc.
    One Symbol Plaza
    Holtsville, NY 11742-1300

    Mr. Bukowski is likely to have discoverable information with respect to negotiation of the OEM Agreement and Intermec scan engine orders under that agreement.

5.  Tom O'Connell
    Symbol Technologies, Inc.
    One Symbol Plaza
    Holtsville, NY 11742-1300

    Mr. O'Connell is likely to have discoverable information with respect to Intermec scan engine orders under the OEM Agreement

**B.  RELEVANT DOCUMENTS**

Pursuant to Rule 26(a)(1)(B), Symbol identifies the following categories of documents, which it may use to support its claims, to the extent (1) such documents exist, (2) are within Symbol's possession, custody or control, and (3) are not privileged. Copies of such documents will be made available at the New York Office of Symbol's counsel, 875 Third Ave., New York, NY 10022, or at such other place as counsel may indicate, and at a time to be agreed upon among counsel. The production of documents by Symbol is subject to the entry of an appropriate protective order.

Symbol will not produce public documents filed by any party in related actions, but reserves the right to use such documents in this action.

1. The OEM Agreement and documents concerning the negotiation of the OEM Agreement.

2. Documents concerning Symbol's communications with Intermec relating to (1) Symbol's request that Intermec discontinue patent infringement actions against Symbol and Intermec's refusal to do so; and (2) termination of the OEM Agreement.

3. Documents reflecting the fact that Intermec (1) is responsible for the acts of Intermec IP Corp.; and (2) controls the patents asserted by Intermec in proceedings in this Court against Symbol.

4. Documents concerning Intermec's public position that it has not been harmed by termination of the OEM Agreement, including concerning alternate sources of supply for scan engines.

5. Documents concerning Intermec's forecasts and orders of scan engines.

6. Documents concerning Symbol's costs, including attorneys' fees, in this action.

C. **DAMAGES**

Symbol does not seek damages from Intermec at this time.

D. **INSURANCE**

Pursuant to Rule 26(a)(1)(D), Symbol is not aware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or

all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

| | |
|---|---|
| August 10, 2005 | CONNOLLY BOVE LODGE & HUTZ LLP |
| | |
| | /s/ Arthur G. Connolly, III |
| | Kevin F. Brady (#2248) |
| | Arthur G. Connolly, III (#2667) |
| | The Nemours Building |
| | 1007 North Orange Street |
| | Wilmington, DE 19801 |
| | (302) 658-9141 |
| | |
| | *Attorneys for Plaintiff,* |
| | *Symbol Technologies, Inc.* |

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
Lawrence Brocchini
Shana J. Krupp
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

## CERTIFICATE OF SERVICE

I, Arthur G. Connolly, III, hereby certify that on August 10, 2005, I caused to be electronically filed a true and correct copy of the foregoing Symbol Technologies, Inc.'s Initial Disclosures Pursuant to Rule 26(c)(1) with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>MORRIS NICHOLS ARSHT & TUNNELL
>1201 N. Market Street
>Wilmington, DE 19801
>[jblumenfeld@mnat.com]

I further certify that on August 10, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel, and that a copy was served on the following non-registered participants on the same date in the manner indicated:

>**_By FedEx_**
>
>Frederick A. Lorig, Esquire
>Bruce R. Zisser, Esquire
>BRIGHT & LORIG, P.C.
>633 West Fifth Street
>Suite 3330
>Los Angeles, CA 90071
>
>Carson Veach, Esquire
>Leland W. Hutchinson, Jr., Esquire
>Jennifer Fitzgerald, Esquire
>FREEBORN & PETERS LLP
>311 South Wacker Drive
>Suite 3000
>Chicago, IL 60606

_____/s/    Arthur G. Connolly, III_____