IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-146-GMS |
| INTERMEC TECHNOLOGIES CORP., a Washington corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

**SYMBOL TECHNOLOGIES, INC.'S
REPLY TO AMENDED AND SUPPLEMENTAL
COUNTERCLAIMS OF INTERMEC TECHNOLOGIES CORP.**

Plaintiff-Counterclaim Defendant Symbol Technologies, Inc. ("Symbol"), by its undersigned attorneys, replies to the numbered paragraphs of the Answer and Amended and Supplemental Counterclaims ("Amended Counterclaims") of Intermec Technologies Corp. ("Intermec") as follows:

19. Admits, on information and belief, the allegations contained in paragraph 19 of the Amended Counterclaims.

20. Admits the allegations contained in paragraph 20 of the Amended Counterclaims.

21. In response to paragraph 21 of the Amended Counterclaims, admits that Intermec purports to invoke the jurisdiction of the Court pursuant to the statutes cited therein.

22. Denies the allegations contained in paragraph 22 of the Counterclaim, except admits that in August 2003, Symbol and Intermec entered into an OEM agreement

("OEM Agreement"), and respectfully refers the Court to the OEM Agreement for a full and complete statement of its terms.

23. Denies the allegations contained in paragraph 23 of the Amended Counterclaims, except admits that on or about June 7, 2004, Civil Action No. 04-357-GMS was filed in the name of "Intermec IP Corp." ("Intermec") against Matrics, Inc. ("Matrics"); that Matrics filed an Answer and Counterclaim on or about July 13, 2004 and an Amended Answer and Counterclaim on January 21, 2005, and respectfully refers the Court to the referenced pleadings for a full and complete statement of the issues therein.

24. Denies the allegations contained in paragraph 24 of the Amended Counterclaims and respectfully refers the Court to the OEM Agreement for a full and complete statement of its terms.

25. Denies the allegations contained in paragraph 25 of the Amended Counterclaims and respectfully refers the Court to the OEM Agreement for a full and complete statement of its terms.

26. Denies the allegations contained in paragraph 26 of the Amended Counterclaims, except admits that on or about December 16, 2004, Symbol sent a letter to Intermec, and respectfully refers the Court to that letter for a full and complete statement of its terms.

27. Denies the allegations contained in paragraph 27 of the Amended Counterclaims, except admits that on or about December 20, 2004, Intermec sent a letter to Symbol, and respectfully refers the Court to that letter for a full and complete statement of its terms.

28. Denies the allegations contained in paragraph 28 of the Amended Counterclaims, except admits that on or about March 10, 2005, Symbol sent a letter to Intermec, and that on or about March 10, 2005, Symbol filed a report on Form 8-K with the United States Securities and Exchange Commission, and respectfully refers the Court to the referenced letter and Symbol Form 8-K for a full and complete statement of their terms.

29. Denies the allegations contained in paragraph 29 of the Amended Counterclaims, except admits that on or about March 10, 2005, Symbol filed an action in this Court, Civil Action No. 05-147-SLR, alleging that Intermec has been and is infringing certain patents, and respectfully refers the Court to the complaint in that action for a full and complete statement of Symbol's claims; and admits that on or about March 10, 2005, Symbol issued a press release referencing that lawsuit, and respectfully refers the Court to that press release for a full and complete statement of its terms.

30. Denies the allegations contained in paragraph 30 of the Amended Counterclaims, except admits that on or about April 28, 2005, Symbol filed an action in the United States District Court for the Western District of Wisconsin, Civil Action No. 05 C 256 C, alleging that Intermec has been and is infringing certain patents, and respectfully refers the Court to the complaint in that action for a full and complete statement of Symbol's claims.

31. Denies the allegations contained in paragraph 31 of the Amended Counterclaims and respectfully refers the Court to the OEM Agreement for a full and complete statement of its terms.

32. Denies the allegations contained in paragraph 32 of the Amended Counterclaims.

33. In response to paragraph 33 of the Amended Counterclaims, avers that it states a legal conclusion to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 33 of the Amended Counterclaims and respectfully refers the Court to the OEM Agreement for a full and complete statement of its terms.

## COUNT I
(Declaratory Judgment)

34. Repeats and re-alleges its responses to paragraphs 19-33 as if fully set forth herein.

35. Denies the allegations contained in paragraph 35 of the Amended Counterclaims.

36. Denies the allegations contained in paragraph 36 of the Amended Counterclaims.

37. Admits the allegations contained in paragraph 37 of the Amended Counterclaims.

38. Denies the allegations contained in paragraph 38 of the Amended Counterclaims.

39. Denies the allegations contained in paragraph 39 of the Amended Counterclaims.

## COUNT II
(Breach of Contract)

40. Repeats and re-alleges its responses to paragraphs 19-39 as if fully set forth herein.

41. Denies the allegations contained in paragraph 41 of the Amended Counterclaims.

42. Denies the allegations contained in paragraph 42 of the Amended Counterclaims.

43. Denies the allegations contained in paragraph 43 of the Amended Counterclaims.

44. Denies the allegations contained in paragraph 44 of the Amended Counterclaims.

## COUNT III
(Breach of Contract)

45. Repeats and re-alleges its responses to paragraphs 19-44 as if fully set forth herein.

46. Denies the allegations contained in paragraph 46 of the Amended Counterclaims and respectfully refers the Court to the OEM Agreement for a full and complete statement of its terms.

47. Denies the allegations contained in paragraph 47 of the Amended Counterclaims, except admits that on or about March 10, 2005, Symbol filed an action in this Court, Civil Action No. 05-147-SLR, alleging that Intermec has been and is infringing certain patents and seeking damages and injunctive relief, and respectfully refers the Court to the complaint in that action for a full and complete statement of Symbol's claims.

48. Denies the allegations contained in paragraph 48 of the Amended Counterclaims.

49. Denies the allegations contained in paragraph 49 of the Amended Counterclaims and respectfully refers the Court to the OEM Agreement for a full and complete statement of its terms.

50. Denies the allegations contained in paragraph 50 of the Amended Counterclaims, except admits that on or about March 10, 2005, Symbol sent a letter to Intermec, and that on or about March 10, 2005, Symbol filed a report on Form 8-K with the United States Securities and Exchange Commission, and respectfully refers the Court to the referenced letter and Symbol Form 8-K for a full and complete statement of their terms.

51. Denies the allegations contained in paragraph 51 of the Amended Counterclaims.

52. Denies the allegations contained in paragraph 52 of the Amended Counterclaims, except admits that on or about April 28, 2005, Symbol filed an action in the United States District Court for the Western District of Wisconsin, Civil Action No. 05 C 256 C alleging that Intermec has been and is infringing certain patents and seeking damages and injunctive relief, and respectfully refers the Court to the complaint in that action for a full and complete statement of Symbol's claims.

53. Denies the allegations contained in paragraph 53 of the Amended Counterclaims.

54. Denied the allegations contained in paragraph 54 of the Amended Counterclaims.

55. Denies the allegations contained in paragraph 55 of the Amended Counterclaims.

56. Denies the allegations contained in paragraph 56 of the Amended Counterclaims.

57. Denies the allegations contained in paragraph 57 of the Amended Counterclaims.

58. Denies the allegations contained in paragraph 58 of the Amended Counterclaims.

## COUNT IV
(Breach of Contract)

59. Repeats and re-alleges its responses to paragraphs 19-58 as if fully set forth herein.

60. Denies the allegations contained in paragraph 60 of the Amended Counterclaims and respectfully refers the Court to the OEM Agreement for a full and complete statement of its terms.

61. Denies the allegations contained in paragraph 61 of the Amended Counterclaims.

62. Denies the allegations contained in paragraph 62 of the Amended Counterclaims.

63. Denies the allegations contained in paragraph 63 of the Amended Counterclaims.

64. Denies the allegations contained in paragraph 64 of the Amended Counterclaims.

65. Denies the allegations contained in paragraph 65 of the Amended Counterclaims.

## COUNT IV
(Declaratory Judgment)

66. Repeats and re-alleges its responses to paragraphs 19-65 as if fully set forth herein.

67. Denies the allegations contained in paragraph 67 of the Amended Counterclaims.

68. Denies the allegations contained in paragraph 68 of the Amended Counterclaims.

69. Denies the allegations contained in paragraph 69 of the Amended Counterclaims.

70. Denies the allegations contained in paragraph 70 of the Amended Counterclaims.

71. Denies each allegation of the Amended Counterclaims not specifically admitted; and further states that any allegation admitted by Symbol is admitted only as to the specific facts admitted and not as to any characterization, implication, speculation, or conclusion in the allegations or in the Amended Counterclaims as a whole.

## DEFENSES

Symbol alleges and assert the following defenses, reserving its right to assert other defenses when and if they become appropriate.

## FIRST AFFIRMATIVE DEFENSE

72. Symbol properly terminated the OEM Agreement pursuant to paragraph 9.c of the OEM Agreement based on Intermec's (i) refusal to discontinue its patent infringement claims against Symbol in Civil Action No. 04-CV-357 (GMS), and (ii)

subsequent assertion of patent counterclaims against Symbol in Civil Action No. 05-147 (SLR) ("Intermec Patent Action").

## SECOND AFFIRMATIVE DEFENSE

73. Intermec has ratified Symbol's termination of the OEM Agreement by instituting the Intermec Patent Action which would, absent Symbol's termination, otherwise be a material breach by Intermec of paragraph 18.k of the OEM Agreement.

## THIRD AFFIRMATIVE DEFENSE

74. Symbol properly terminated the OEM Agreement at least effective on April 24, 2005 pursuant to paragraph 18.k of the OEM Agreement based on Intermec's material breach of the OEM Agreement when Intermec instituted the Intermec Patent Action.

## FOURTH AFFIRMATIVE DEFENSE

75. Symbol is excused from performing under the OEM Agreement based on Intermec's material and total breach of the Agreement when Intermec instituted the Intermec Patent Action.

## FIFTH AFFIRMATIVE DEFENSE

76. Intermec's counterclaims for compensatory damages are barred because Intermec has not substantially performed its obligations under the OEM Agreement.

## SIXTH AFFIRMATIVE DEFENSE

77. Intermec's counterclaims for compensatory damages are barred under the doctrine of election of remedies, as Intermec has elected, by filing the Intermec Patent Action, to disaffirm the OEM Agreement.

## SEVENTH AFFIRMATIVE DEFENSE

78. Symbol has not asserted patent infringement claims against any Intermec products immune from suit under the OEM Agreement.

## EIGHTH AFFIRMATIVE DEFENSE

79. Intermec has not been harmed or damaged by any acts or omissions of Symbol, including termination of the OEM Agreement.

## NINTH AFFIRMATIVE DEFENSE

80. Intermec has failed to mitigate its damages, if any.

## TENTH AFFIRMATIVE DEFENSE

81. Intermec's Counterclaims are barred by its unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief prayed for in Symbol's Complaint For Declaratory Judgment, Plaintiff-Counterclaim Defendant Symbol requests that this Court:

A. Enter judgment dismissing with prejudice Intermec's Counterclaim;

B. Enter judgment awarding Symbol costs, expenses and reasonable attorneys' fees pursuant to the OEM Agreement; and

      C.    Grant Symbol such other or further relief as this Court may deem just and proper.

| | |
|---|---|
| August 12, 2005 | CONNOLLY BOVE LODGE & HUTZ LLP |
| | /s/ Arthur G. Connolly, III |
| | Kevin F. Brady (#2248) |
| | Arthur G. Connolly, III (#2667) |
| | The Nemours Building |
| | 1007 North Orange Street |
| | Wilmington, DE  19801 |
| | (302) 658-9141 |
| | |
| | *Attorneys for Plaintiff* |
| | *Symbol Technologies, Inc.* |

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
Lawrence Brocchini
Shana J. Krupp
Hogan & Hartson, L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

# CERTIFICATE OF SERVICE

I, Arthur G. Connolly, III, hereby certify that on August 12, 2005, I caused to be electronically filed a true and correct copy of the foregoing Symbol Technologies, Inc.'s Reply to Amended and Supplemental Counterclaims of Intermec Technologies Corp. with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> MORRIS NICHOLS ARSHT & TUNNELL
> 1201 N. Market Street
> Wilmington, DE 19801
> [jblumenfeld@mnat.com]

I further certify that on August 12, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel, and that a copy was served on the following non-registered participants on the same date in the manner indicated:

> **_By FedEx_**
>
> Frederick A. Lorig, Esquire
> Bruce R. Zisser, Esquire
> BRIGHT & LORIG, P.C.
> 633 West Fifth Street
> Suite 3330
> Los Angeles, CA 90071
>
> Carson Veach, Esquire
> Leland W. Hutchinson, Jr., Esquire
> Jennifer Fitzgerald, Esquire
> FREEBORN & PETERS LLP
> 311 South Wacker Drive
> Suite 3000
> Chicago, IL 60606

/s/ Arthur G. Connolly, III